MAY 1 2025 AM 10:54
FILED - USDC - BPT - CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: GRAND JURY SUBPOENAS | Case No. 3:25MJ 404 (SDV) <br><br> April 30, 2025 |

### APPLICATION FOR ORDER COMMANDING SNAP, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF GRAND JURY SUBPOENA

The United States requests that the Court order Snap, Inc. (hereinafter "the Provider") not to notify any person (including the subscribers or customers of the account(s) listed in this subpoena) of the existence of Grand Jury Matter Number N-24-2-91 Subpoena No. 13 (hereinafter "the Subpoena") until April 30, 2026.

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the Subpoena, which will be made available for the Court's inspection but will not be filed under seal or included in the sealing envelope. The Subpoena requires the Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such orders would be appropriate because each Subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation being conducted by the Federal Bureau of Investigation for an active kidnapping and violent crime investigation. The ongoing investigation is neither public nor known to the targets of the investigation, and its disclosure may alert those targets to the ongoing investigation.

Accordingly, there is reason to believe that notification of the existence of this Subpoena will result in endangering the life or physical safety of an individual, flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and otherwise seriously jeopardizing an

investigation or unduly delaying a trial. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of this Subpoena, the subjects under investigation could destroy that evidence, including information on their devices, cellular telephones, and online accounts.

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.,* when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the Subpoena until **April 30, 2026**, except that the Provider may disclose its Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

Respectfully submitted,

MARC H. SILVERMAN
ACTING UNITED STATES ATTORNEY

_/s/_____
KAREN L. PECK
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. Ct14959
United States Attorney's Office
1000 Lafayette Boulevard, 10TH Floor
Bridgeport, Connecticut 06604
KAREN.PECK@USDOJ.GOV
(203) 696-3000